**ZHANG TUAN QIU, Min Xiu Han, Petitioners,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–0803–ag.

United States Court of Appeals, Second Circuit.

Aug. 29, 2006.

Gary J. Yermnan, New York, New York, for Petitioner.

Steven M. Biskupic, United States Attorney, Brian E. Pawlak, Assistant United States Attorney, Milwaukee, Wisconsin, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Zhang Tuan Qiu and Min Xiu Han, natives and citizens of the People's Republic of China, seek review of a January 25, 2006 order of the BIA affirming the May 28, 2004 decision of immigration judge ("IJ") Adam Opaciuch denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhang Tuan Qiu, Min Xiu Han,* Nos. A 77 998 320, A 95 476 767 (B.I.A. Jan. 25, 2006), *aff'g* Nos. A 77 998 320, A 95 476 767 (Immig. Ct. N.Y. City May 28, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

As an initial matter, this Court does not have jurisdiction to review Han's claims regarding her eligibility for asylum, as she was not listed as a derivative beneficiary on Qiu's application and does not raise any constitutional questions or questions of law pertaining to the IJ's determination that she failed to timely file her asylum application. 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006). Even if she is considered a derivative beneficiary, the IJ's denial of her husband's asylum application on credibility grounds is supported by the record as a whole.

■ The IJ was reasonable in relying on various discrepancies regarding the events surrounding Han's alleged forcible abortion and the applicants' inability to plausibly reconcile them in finding Qiu and Han not to be credible. While none of the inconsistencies deals directly with Han's alleged forced abortion, the IJ reasonably determined that the cumulative effect of the numerous discrepancies was detrimental to the credibility of the claim. *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir. 2006) (internal citations omitted); *see also Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–07 (2d Cir.2006). Additionally, the IJ was reasonable in using Qiu's false statements that his wife and child were still in China at his April 2002 airport and credible fear interviews in finding Qiu and Han not to be credible, as Qiu's claims conflicted with his wife and son's presence in the United States since 1999, and Qiu's and Han's explanations for the falsehood did not match.

Because the only evidence of a threat to Qiu's and Han's life or freedom depended upon their credibility, the adverse credibility determination in this case necessarily precludes success on their claims for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Additionally, as there is no evidence in the record indicating that they would likely be tortured upon return to China, the IJ's denial of CAT relief was also appropriate. For the foregoing reasons, the petition for review is DENIED. Having completed

our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).